**UNITED STATES of America**
v.
**Fred Alonzo KELLY, Willard Maracle, Wayne Eugene Bush, Fred Alonzo Kelly, Appellant.**

**No. 16075.**

United States Court of Appeals
Third Circuit.

Argued June 20, 1968.

Decided Aug. 5, 1968.

Michael J. Boyle, Meyer, Unkovic & Scott, Pittsburgh, Pa., for appellant.

Lawrence G. Zurawsky, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before KALODNER, and VAN DUSEN, Circuit Judges and WRIGHT, District Judge.

PER CURIAM.

This is an appeal from the District Court's refusal to grant a judgment of acquittal and appellant's subsequent conviction by a jury on June 7, 1966 of unlawful transportation of a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. Appellant was sentenced on June 29, 1966 under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010.

At the time of appellant's trial certain statements of co-defendants implicating the appellant were admitted in evidence against him with appropriate instructions to the jury under the then controlling decision of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed. 2d 278 (1957).

Since that time, however, the Supreme Court has decided Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which specifically overruled Delli Paoli v. United States, supra, holding that inculpatory statements of co-defendants may not be admitted in evidence during a joint trial. In addition, the holding of Bruton has been given retroactive application to cases arising prior to *Bruton* in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed. 1100 (1968).

For the reasons herein stated, the judgment of conviction will be reversed and the cause remanded to the District Court for a new trial or other proceedings consistent with the foregoing opinion.